Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900 - Telephone
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G. CROSTHWAITE and RUSSELL E. BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN CLARK BRISBIN, individually and *dba* CONSTRUCTION DEVELOPMENT SYSTEMS,<br><br>Defendant. | Case No.: C11-4924 JSW<br><br>**NOTICE OF ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant JOHN CLARK BRISBIN, individually and *dba* CONSTRUCTION DEVELOPMENT SYSTEMS, and/or alter egos and/or successor entities ("Defendant"), as follows:

1. Defendant entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

- 1 -
**NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C11-4924 JSW**
P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

2. John Clark Brisbin, individually and *dba* Construction Development Systems, hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Case Management Standing Order – Magistrate Judge Maria-Elena James; Standing Order for All Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; ECF Registration Information Handout; Welcome to the U.S. District Court; Notice of Assignment to a Magistrate Judge, Consent, Declination; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge.

3. Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| 4/11 | Contribution balance | $4,570.24 | |
| | 20% Liquidated damages | $914.05 | |
| | 10% p/a Interest (5/26/11-10/3/11) | $164.03 | |
| | | | $5,648.32 |
| 5/11 | Contribution balance | $14,832.86 | |
| | 20% Liquidated damages | $2,966.57 | |
| | 10% p/a Interest (6/26/11-10/3/11) | $406.38 | |
| | | | $18,205.81 |
| 6/11 | Contributions | $14,225.75 | |
| | 20% Liquidated damages | $2,845.15 | |
| | 10% p/a Interest (7/26/11-10/3/11) | $272.82 | |
| | | | $17,343.72 |
| 7/11 | Contributions | $15,052.74 | |
| | 20% Liquidated damages | $3,010.55 | |
| | 10% p/a Interest (8/26/11-10/3/11) | $160.84 | |
| | | | $18,224.13 |
| 8/11 | 20% Liquidated damages | $1,051.58 | |
| | 10% p/a Interest 9/26/11-10/3/11) | $11.42 | |
| | | | $1,063.00 |
| Liquidated damages (6/10-3/11) | | | $9,659.07 |
| Interest (6/10-3/11) | | | $1,043.85 |
| Attorneys' fees (9/14/11 -10/3/11) | | | $574.00 |
| Cost of filing suit | | | $350.00 |
| **TOTAL** | | | **$72,111.90** |

4. Defendant shall *conditionally* pay the amount of **$62,452.83,** representing all above amounts, less June 2010 through March 2011 liquidated damages in the amount of **$9,659.07**. *This conditional waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) On or before Friday, October 7, 2011, Defendant shall make a lump sum payment in the amount of **$5,257.89**, representing August 2011 contributions.

(b) Thereafter, beginning on October 20, 2011, and on or before the 20th day of each month thereafter, for a period of twelve (12) months, through September 20, 2012, Defendant shall pay to Plaintiffs the amount of **$5,600.00** per month.

(c) Payments may be made by joint check, to be endorsed to Plaintiffs prior to submission. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

(d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from October 4, 2011, at the rate of 10% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

(e) Checks shall be made payable to the *Operating Engineers Local 3 Trust Funds*, and delivered on or before each due date to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs.

(f) At the time that Defendant makes its 11th payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with the 11th payment. Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is current.

(g) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final amount due, including interest and all additional attorneys'

- 3 -
**NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**
P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant shall pay all additional attorneys' fees and costs regardless of whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the September 20, 2012 stipulated payment.

      (h)    Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.

    5.    In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

    6.    Beginning with contributions due for hours worked by Defendant's employees during the month of September 2011, due on October 15, 2011 and delinquent if not received by the Trust Funds before the last business day of the month, and for every month thereafter until this Judgment is satisfied, **Defendant shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. Defendant shall fax a copy of its contribution report for each month, together with a copy of that payment check, *to Michele R. Stafford at 415-882 9287*, prior to sending the payment to the Trust Fund office.

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 11 shall apply.

7. Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports *will be faxed to Michele R. Stafford* concurrently with its submission to the General Contractor, Owner or other reporting agency.

These requirements are concurrent with, and in addition to, the requirements set forth above. Defendant shall fax said updated list each month (or sooner if required elsewhere herein) together with the contribution report (as required by ¶6 of this Stipulation) *to Michele R. Stafford at 415-882-9287,* on before the 15th day of each month. Attached hereto as *Exhibit A* is a Job Report Form which is to be completed each month.

8. Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply. Any unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

9. JOHN CLARK BRISIN acknowledges that he is the owner of, and doing business as, Construction Development Systems. John Clark Brisbin specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein and further acknowledges that any and all successors in interest to Construction Development Systems, as well as any assigns, and/or affiliated entities and purchasers, shall be contractually bound by the

terms of this Stipulation. This shall include any additional entities in which John Clark Brisbin is an officer, owner or possesses any ownership interest. All such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

10. Prior to the last payment pursuant to this Judgment Pursuant to Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final lump sum amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation as set forth above. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the September 20, 2012 stipulated payment.

11. In the event that Defendant fails to make any payment required under ¶4 above, or fails to remain current in any contributions under ¶6 above or fails to timely provide the monthly documents required by ¶¶6 and 7 herein, and that such default is not timely cured, the following will occur:

(a) The entire balance of **$72,111.90**, as specified in ¶3, plus interest, but reduced by principal payments received from Defendant, in addition to any unpaid contributions then due plus 20% liquidated damages and 10% per annum interest on the unpaid or late paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b) A Writ of Execution may be obtained against Defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default.

(c) Defendant waives any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due

1 and owing as of the date of default shall be sufficient to secure the issuance of a Writ of
2 Execution, without notice to Defendant.

3         (d) Defendant shall pay all additional attorneys' fees and costs incurred by
4 Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to
5 Plaintiffs under this Stipulation, whether or not a default occurs herein.

6     12. Any failure on the part of the Plaintiffs to take any action against Defendant as
7 provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed
8 a waiver of any subsequent breach by the Defendant of any provisions herein.

9     13. In the event of the filing of a bankruptcy petition by the Defendant, the parties
10 agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have
11 been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and
12 shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise.
13 Defendant nevertheless represent that no bankruptcy filing is anticipated.

14     14. Should any provision of this Stipulation be declared or determined by any court of
15 competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and
16 enforceability of the remaining parts, terms or provisions shall not be affected thereby and said
17 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
18 Stipulation.

19     15. This Stipulation is limited to the agreement between the parties with respect to the
20 delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs.
21 This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant
22 acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims,
23 if any, against Defendant and all of their control group members, as provided by the Plaintiffs'
24 Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and
25 applicable laws and regulations.

26
27
28

- 7 -
**NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**
P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. Defendant represents and warrants that it has had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of and represent that it enters into this Stipulation voluntarily and without duress.

19. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: October 19, 2011　　　　**JOHN CLARK BRISBIN, Individually and *dba* CONSTRUCTION DEVELOPMENT SYSTEMS**

By:  /S/John C. Brisbin
　　　John Clark Brisbin

Dated: October 20, 2011　　　　**OPERATING ENGINEERS' HEALTH & WELFARE TRUST FUND, et al.**

By:  /S/David E. Hayner
　　　David E. Hayner
　　　Collections Manager
　　　Operating Engineers' Health & Welfare
　　　Trust Fund, et al.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: November 15, 2011

_____
UNITED STATES DISTRICT COURT JUDGE

- 8 -
NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C11-4924 JSW
P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

| | EXHIBIT A |
|---|---|

## JUDGMENT PURSUANT TO STIPULATION

*JOB REPORT FORM*

*** Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287 on the **15th** day of each month ***

**Employer Name: CONSTRUCTION DEVELOPMENT SYSTEMS**

**Report for the month of** _____ **Submitted by:** _____

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

*** Attach additional sheets as necessary ***

**NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 MEJ**
P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100511.doc