1   Michele R. Stafford, Esq. (SBN 172509)
    Shivani Nanda, Esq. (SBN 253891)
2   SALTZMAN & JOHNSON LAW CORPORATION
    44 Montgomery Street, Suite 2110
3   San Francisco, CA 94104
    (415) 882-7900 - Telephone
4   (415) 882-9287 – Facsimile
    mstafford@sjlawcorp.com
5   snanda@sjlawcorp.com

6   Attorneys for Plaintiffs

7

8               UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  F.G. CROSTHWAITE, et al. | Case No.: C11-4924 JSW |
| 11       Plaintiffs, | ***AMENDED* NOTICE AND ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION** |
| 12       v. | |
| 13  JOHN CLARK BRISBIN, individually and *dba* CONSTRUCTION DEVELOPMENT | [AMENDING NOTICE AND ACKNOWLEDGMENT AND JUDGMENT |
| 14  SYSTEMS, | PURSUANT TO STIPULATION, DKT. #11] |
| 15       Defendant. | |

16

17         IT IS HEREBY STIPULATED by and between the parties hereto, that this <u>*Amended*</u>

18  Judgment may be entered in the within action in favor of Plaintiffs, Operating Engineers' Health

19  And Welfare Trust Fund, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant

20  John Clark Brisbin, individually and *dba* Construction Development Systems, and/or alter egos

21  and/or successor entities ("Defendant"), as follows:

22         1.      Defendant entered into a valid Collective Bargaining Agreement with the Operating

23  Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement").  This Bargaining Agreement

24  has continued in full force and effect to the present time.

25         2.      John Clark Brisbin, individually and *dba* Construction Development Systems,

26  hereby acknowledges that he is authorized to receive service and has received the following

27  documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern

28  District of California; Order Setting Initial Case Management Conference and ADR Deadlines;

1 | Case Management Standing Order – Magistrate Judge Maria-Elena James; Standing Order for All

2 | Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding

3 | Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of

4 | Need for ADR Phone Conference; ADR Certification by Parties and Counsel; ECF Registration

5 | Information Handout; Welcome to the U.S. District Court; Notice of Assignment to a Magistrate

6 | Judge, Consent, Declination; Certification of Interested Entities or Persons Pursuant to Civil Local

7 | Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a

8 | United States District Judge.

9 | ///

10 | ///

11 | ///

12 | ///

13 | ///

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

- 2 -

*AMENDED* **NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**

P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

3.      Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| 10/12 | Contributions | $2,171.36 | |
| | 20% Liquidated damages | $434.27 | |
| | 10% p/a Interest (11/26/12-5/7/13) | $95.58 | |
| | | | $2,701.21 |
| 11/12 | 20% Liquidated damages | $203.90 | |
| | 10% p/a Interest (12/26/12-1/2/13) | $2.23 | |
| | | | $206.13 |
| 1/13 | Contributions | $2,237.58 | |
| | 20% Liquidated damages | $447.52 | |
| | 10% p/a Interest (2/26/13-5/7/13) | $42.70 | |
| | | | $2,727.80 |
| 2/13 | Contributions | $7,983.74 | |
| | 20% Liquidated damages | $1,596.75 | |
| | 10% p/a Interest (3/26/13-5/7/13) | $92.40 | |
| | | | $9,672.89 |
| 3/13 | Contributions | $9,546.04 | |
| | 20% Liquidated damages | $1,909.21 | |
| | 10% p/a Interest (4/26/13-5/7/13) | $28.82 | |
| | | | $11,484.07 |
| 4/13 | Contributions | $8,354.44 | |
| | 20% Liquidated damages | $1,670.89 | |
| | | | $10,025.33 |
| 5/13 | Contributions | $9,122.36 | |
| | 20% Liquidated damages | $1,824.47 | |
| | | | $10,946.83 |
| Conditionally waived Liquidated Damages (6/10-3/11) | | | $9,659.07 |
| 20% Liquidated damages on late-paid contributions (10/11, 12/11-3/12, 5/12, 7/12-9/12) | | | $10,554.99 |
| 10% p/a Interest on late paid  contributions (10/11, 12/11-3/12, 5/12, 7/12-9/12) | | | $404.79 |
| Attorneys' fees (10/4/11-5/6/13) | | | $13,981.00 |
| Costs (10/4/11-5/6/13) | | | $4,200.89 |
| **SUB-TOTAL** | | | **$86,565.00** |
| *CREDIT (Bank levy proceeds, received 1/4/13)* | | | *<$1,617.06>* |
| *CREDIT (Bank levy proceeds, received 4/23/13)* | | | *<$1,492.12>* |
| **GRAND TOTAL** | | | **$83,455.82** |

4.      Defendant shall *conditionally* pay the amount of **$55,154.75,** representing all above amounts, less liquidated damages in the amount of **$28,301.07**. *This conditional waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a)      Beginning on August 25, 2013, and on or before the 25th day of each month

*AMENDED* **NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**
P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

1    thereafter, for a period of twelve (12) months, through July 25, 2014, Defendant shall pay to

2    Plaintiffs the amount of **$4,050.00** per month.

3         (b)    On or before August 25, 2013, Defendant shall additionally pay to Plaintiffs

4    **$9,122.36 for May 2013 contributions, and $37.50 for interest** incurred thereon, together with

5    their contribution report and payment in full for the month of June 2013.

6         (c)    Payments may be made by joint check, to be endorsed to Plaintiffs prior to

7    submission. Defendant shall have the right to increase the monthly payments at any time and there

8    is no penalty for prepayment.

9         (d)    Payments shall be applied first to unpaid interest and then to unpaid

10   principal. The unpaid principal balance shall bear interest from <u>May 8, 2013</u>, at the rate of 10% per

11   annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

12        (e)    Checks shall be made payable to the *Operating Engineers Local 3 Trust*

13   *Funds*, and delivered on or before each due date to <u>Michele R. Stafford at Saltzman & Johnson Law</u>

14   <u>Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other

15   address as may be specified by Plaintiffs.

16        (f)    At the time that Defendant makes its 11th payment, Defendant may submit a

17   written request for waiver of liquidated damages directed to the Board of Trustees, but sent to

18   Saltzman and Johnson Law Corporation with the 11th payment.  Defendant will be advised as to

19   whether or not the waiver has been granted prior to the final payment hereunder.  Such waiver will

20   not be considered until and unless all other amounts are paid in full and Defendant's account is

21   current.

22        (g)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

23   Defendant, in writing, as to the final amount due, including interest and all additional attorneys'

24   fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts

25   owed to Plaintiffs under this Stipulation.  Defendant shall pay all additional attorneys' fees and

26   costs regardless of whether or not Defendant defaults herein.  Any additional amounts due pursuant

27   to the provisions hereunder shall also be paid in full with the July 25, 2014 stipulated payment.

28        (h)    Failure to comply with any of the above terms shall constitute a default of the

- 4 -
*AMENDED* NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C11-4924 JSW

1   obligations under this Agreement and the provisions of ¶11 shall apply.

2       5.      In the event that any check is not timely submitted or fails to clear the bank, or is

3   unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be

4   considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written

5   demand to Defendant to cure said default *within seven (7) days of the date of the notice from*

6   *Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement

7   *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure

8   period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all*

9   *such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is

10  not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

11      6.      Defendant shall be permitted to pay contributions for hours worked in May 2013

12  only, late (by August 25, 2013), incurring liquidated damages and interest thereon, but without

13  incurring a default of this Stipulation. **Effective with hours worked in June 2013** and for every

14  month thereafter until this judgment is satisfied in full**, contribution payments shall be paid**

15  **timely** as due on the 15th of each month following the work month, and delinquent if not received

16  by the 25th day of that payment month. Defendant **shall remain current in reporting,** and in

17  payment of all contributions (except as specified herein) due to Plaintiffs under the current

18  Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if

19  any, and the Declarations of Trust as amended. **<u>Defendant shall forward (or cause to be</u>**

20  **<u>forwarded in the case of a joint check) all contribution payments, whether by direct check,</u>**

21  **<u>joint check or otherwise during the Stipulated payment term to Michele R. Stafford, at</u>**

22  **<u>Saltzman and Johnson Law Corporation, rather than directly to the Trust Funds</u>**. Failure by

23  Defendant to remain current in contributions as set forth herein shall constitute a default of the

24  obligations under this agreement. Defendant shall fax a copy of its contribution report for each

25  month, together with a copy of that payment check, *to Michele R. Stafford at 415-882 9287*, prior

26  to sending the payment to the Trust Fund office. Failure to comply with these terms shall also

27  constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.

28      7.      Defendant shall make full disclosure of all jobs on which it is working by providing

- 5 -
*AMENDED* **NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**

P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

1   Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and

2   address of the job, the start and completion dates, the identity of General

3   Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the

4   extent that Defendant is working on a Public Works job, or any other job for which Certified

5   Payroll Reports are required, copies of said Reports *will be faxed to Michele R. Stafford*

6   concurrently with its submission to the General Contractor, Owner or other reporting agency. These

7   requirements are concurrent with, and in addition to, the requirements set forth above. Defendant

8   shall fax said updated list each month (or sooner if required elsewhere herein) together with the

9   contribution report (as required by ¶6 of this Stipulation) *to Michele R. Stafford at 415-882-9287,*

10  on before the 15th day of each month.  Attached hereto as *Exhibit A* is a Job Report Form which is

11  to be completed each month.

12          8.        Failure to comply with <u>any</u> of the above terms shall constitute a default of the

13  obligations under this Agreement and the provisions of ¶11 shall apply.  Any unpaid or late paid

14  contributions, together with 20% liquidated damages and 10% per annum interest accrued on the

15  contributions, pursuant to the Trust Agreements, shall be added to and become a part of this

16  Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable

17  Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and

18  future contributions, and for any additional past contributions not included herein as may be

19  determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and

20  the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense

21  of the doctrine *res judicata* as to any such additional amounts determined as due**.**

22          9.        John Clark Brisin acknowledges that he is the owner of, and doing business as,

23  Construction Development Systems.   John Clark Brisbin specifically consents to the Court's

24  jurisdiction as well as the use of a Magistrate Judge for all proceedings herein and further

25  acknowledges that any and all successors in interest to Construction Development Systems, as well

26  as any assigns, and/or affiliated entities and purchasers, shall be contractually bound by the terms of

27  this Stipulation.  This shall include any additional entities in which John Clark Brisbin is an officer,

28  owner or possesses any ownership interest.  All such entities shall specifically consent to the terms

1 herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or

2 purchase.

3      10.    Prior to the last payment pursuant to this Judgment Pursuant to Stipulation, Plaintiffs

4 shall advise Defendant, in writing, as to the final lump sum amount due, including interest and all

5 additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and

6 allocation of the amounts owed to Plaintiffs under this Stipulation as set forth above. Any

7 additional amounts due pursuant to the provisions hereunder shall also be paid in full with the July

8 25, 2014 stipulated payment.

9      11.    In the event that Defendant fails to make any payment required under ¶4 above, or

10 fails to remain current in any contributions under ¶6 above or fails to timely provide the monthly

11 documents required by ¶¶6 and 7 herein, and that such default is not timely cured, the following

12 will occur:

13      (a)    The entire balance of **$83,455.82**, as specified in ¶3, plus interest, but

14 reduced by principal payments received from Defendant, in addition to any unpaid contributions

15 then due plus 20% liquidated damages and 10% per annum interest on the unpaid or late paid

16 contributions, shall be immediately due and payable, together with any attorneys' fees and costs

17 incurred during the term of this Stipulation;

18      (b)    A Writ of Execution may be obtained against Defendant without further

19 notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,

20 upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment

21 theretofore made by or on behalf of Defendant and the balance due and owing as of the date of

22 default.

23      (c)    Defendant waives any notice of Entry of Judgment or of any Request for a

24 Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal.

25 The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due

26 and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution,

27 without notice to Defendant.

28      (d)    Defendant shall pay all additional attorneys' fees and costs incurred by

- 7 -
*AMENDED* **NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**

P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

1    Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to

2    Plaintiffs under this Stipulation, whether or not a default occurs herein.

3        12.    Any failure on the part of the Plaintiffs to take any action against Defendant as

4    provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

5    a waiver of any subsequent breach by the Defendant of any provisions herein.

6        13.    In the event of the filing of a bankruptcy petition by the Defendant, the parties agree

7    that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made

8    in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be

9    claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant

10   nevertheless represent that no bankruptcy filing is anticipated.

11       14.    Should any provision of this Stipulation be declared or determined by any court of

12   competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

13   enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

14   illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

15   Stipulation.

16       15.    This Stipulation is limited to the agreement between the parties with respect to the

17   delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs.

18   This Stipulation does not in any manner relate to withdrawal liability claims, if any.  Defendant

19   acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims,

20   if any, against Defendant and all of their control group members, as provided by the Plaintiffs' Plan

21   Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and

22   applicable laws and regulations.

23       16.    This Stipulation contains all of the terms agreed by the parties and no other

24   agreements have been made.  Any changes to this Stipulation shall be effective only if made in

25   writing and signed by all parties hereto.

26       17.    This Stipulation may be executed in any number of counterparts and by facsimile,

27   each of which shall be deemed an original and all of which shall constitute the same instrument.

28       18.    Defendant represents and warrants that it has had the opportunity to be or have been

- 8 -

*AMENDED* **NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**

P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

1   represented by counsel of their own choosing in connection with entering this Stipulation under the

2   terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of

3   and represent that it enters into this Stipulation voluntarily and without duress.

4          19.     The parties agree that the Court shall retain jurisdiction of this matter until this

5   Judgment is satisfied.

6   Dated: July 19, 2013                              **JOHN CLARK BRISBIN, Individually and**
                                                       ***dba* CONSTRUCTION DEVELOPMENT**
7                                                      **SYSTEMS**

8
                                                       By:  _____/S/_____
9                                                           John Clark Brisbin

10  Dated: July 22, 2013                              **OPERATING ENGINEERS' HEALTH &**
                                                       **WELFARE TRUST FUND, et al.**
11

12
                                                       By:  _____/S/_____
13                                                          David E. Hayner
                                                            Collections Manager, Operating Engineers'
14                                                          Health & Welfare Trust Fund, et al.

15  Dated: July 19, 2013                              **SALTZMAN & JOHNSON LAW**
                                                       **CORPORATION**
16

17                                                     By:  _____/S/_____
                                                            Michele R. Stafford
18                                                          Attorney for Plaintiffs

    **APPROVED AS TO FORM.**
19
    Dated: July 19, 2013                              **DOYLE & SCHALLERT**
20

21                                                     By:  _____/S/_____
                                                            David Douglas Doyle, Esq.
22                                                          Attorneys for Defendant

23  **IT IS SO ORDERED.**

24  IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall

25  retain jurisdiction over this matter.

26  Dated: _____, 2013           _____
                                                            UNITED STATES DISTRICT COURT JUDGE
27

28

*AMENDED* **NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**
P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

**EXHIBIT A**
**JUDGMENT PURSUANT TO STIPULATION**
*JOB REPORT FORM*
**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287**
**on the 15th day of each month \*\*\***

**Employer Name: <u>CONSTRUCTION DEVELOPMENT SYSTEMS</u>**

**Report for the month of** _____ **Submitted by:** _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

**\*\*\* *Attach additional sheets as necessary* \*\*\***

1

*EX. A TO AMENDED* **JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**

P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

1 | represented by counsel of their own choosing in connection with entering this Stipulation under the

2 | terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of

3 | and represent that it enters into this Stipulation voluntarily and without duress.

4 |      19.    The parties agree that the Court shall retain jurisdiction of this matter until this

5 | Judgment is satisfied.

6 | Dated: July 19, 2013               JOHN CLARK BRISBIN, Individually and *dba* CONSTRUCTION DEVELOPMENT SYSTEMS

7 |

8 |                                 By: _____

9 |                                     John Clark Brisbin

10 | Dated: July 22, 2013               OPERATING ENGINEERS' HEALTH & WELFARE TRUST FUND, et al.

11 |

12 |                                     By: _____

13 |                                     David E. Hayner<br>Collections Manager, Operating Engineers' Health & Welfare Trust Fund, et al.

14 |

15 | Dated: July 19, 2013               SALTZMAN & JOHNSON LAW CORPORATION

16 |

17 |                                     By: _____

                                         Michele R. Stafford<br>Attorney for Plaintiffs

18 | APPROVED AS TO FORM.

19 | Dated: July ____, 2013             DOYLE & SCHALLERT

20 |

21 |                                     By: _____

22 |                                     David Douglas Doyle, Esq.<br>Attorneys for Defendant

23 | IT IS SO ORDERED.

24 | IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall

25 | retain jurisdiction over this matter.

26 | Dated: _____, 2013         _____

                                    UNITED STATES DISTRICT COURT JUDGE

27 |

28 |

                                                             - 9 -

P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

1  represented by counsel of their own choosing in connection with entering this Stipulation under the

2  terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of

3  and represent that it enters into this Stipulation voluntarily and without duress.

4       19.    The parties agree that the Court shall retain jurisdiction of this matter until this

5  Judgment is satisfied.

6  Dated: July \_\_\_\_, 2013                **JOHN CLARK BRISBIN, Individually and**
                                              *dba* **CONSTRUCTION DEVELOPMENT**

7                                                  **SYSTEMS**

8

9                            By: _____
                                  John Clark Brisbin

10  Dated: July \_\_\_\_, 2013                **OPERATING ENGINEERS' HEALTH &**
                                            **WELFARE TRUST FUND, et al.**

11

12                            By: _____
                                  David E. Hayner

13                                    Collections Manager, Operating Engineers'
                                  Health & Welfare Trust Fund, et al.

14

15  Dated: July \_\_\_\_, 2013                **SALTZMAN & JOHNSON LAW**
                                              **CORPORATION**

16

17                            By: _____
                                  Michele R. Stafford

18                                    Attorney for Plaintiffs
**APPROVED AS TO FORM.**

19  Dated: July 19, 2013                 **DOYLE & SCHALLERT**

20

21                            By: _____

22                                    David Douglas Doyle, Esq.
                                  Attorneys for Defendant

23  **IT IS SO ORDERED.**

24  IT IS FURTHER ORDERED that ~~the calendar in this matter is vacated, and that~~ the Court shall

25  retain jurisdiction over this matter.

26  Dated:  July 26       , 2013       _____
                                UNITED STATES DISTRICT COURT JUDGE

27

28

                                                                       - 9 -

P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc