Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900 - Telephone
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G. CROSTHWAITE, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN CLARK BRISBIN, individually and *dba* CONSTRUCTION DEVELOPMENT SYSTEMS,<br><br>    Defendant. | Case No.: C11-4924 JSW<br><br>***AMENDED* NOTICE AND ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**<br><br>[AMENDING NOTICE AND ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION, DKT. #11] |

IT IS HEREBY STIPULATED by and between the parties hereto, that this *Amended* Judgment may be entered in the within action in favor of Plaintiffs, Operating Engineers' Health And Welfare Trust Fund, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant John Clark Brisbin, individually and *dba* Construction Development Systems, and/or alter egos and/or successor entities ("Defendant"), as follows:

    1.    Defendant entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

    2.    John Clark Brisbin, individually and *dba* Construction Development Systems, hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines;

1 Case Management Standing Order – Magistrate Judge Maria-Elena James; Standing Order for All
2 Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding
3 Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of
4 Need for ADR Phone Conference; ADR Certification by Parties and Counsel; ECF Registration
5 Information Handout; Welcome to the U.S. District Court; Notice of Assignment to a Magistrate
6 Judge, Consent, Declination; Certification of Interested Entities or Persons Pursuant to Civil Local
7 Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a
8 United States District Judge.

9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3. Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---:|---:|
| 10/12 | Contributions | $2,171.36 | |
| | 20% Liquidated damages | $434.27 | |
| | 10% p/a Interest (11/26/12-5/7/13) | $95.58 | |
| | | | $2,701.21 |
| 11/12 | 20% Liquidated damages | $203.90 | |
| | 10% p/a Interest (12/26/12-1/2/13) | $2.23 | |
| | | | $206.13 |
| 1/13 | Contributions | $2,237.58 | |
| | 20% Liquidated damages | $447.52 | |
| | 10% p/a Interest (2/26/13-5/7/13) | $42.70 | |
| | | | $2,727.80 |
| 2/13 | Contributions | $7,983.74 | |
| | 20% Liquidated damages | $1,596.75 | |
| | 10% p/a Interest (3/26/13-5/7/13) | $92.40 | |
| | | | $9,672.89 |
| 3/13 | Contributions | $9,546.04 | |
| | 20% Liquidated damages | $1,909.21 | |
| | 10% p/a Interest (4/26/13-5/7/13) | $28.82 | |
| | | | $11,484.07 |
| 4/13 | Contributions | $8,354.44 | |
| | 20% Liquidated damages | $1,670.89 | |
| | | | $10,025.33 |
| 5/13 | Contributions | $9,122.36 | |
| | 20% Liquidated damages | $1,824.47 | |
| | | | $10,946.83 |
| Conditionally waived Liquidated Damages (6/10-3/11) | | | $9,659.07 |
| 20% Liquidated damages on late-paid contributions (10/11, 12/11-3/12, 5/12, 7/12-9/12) | | | $10,554.99 |
| 10% p/a Interest on late paid contributions (10/11, 12/11-3/12, 5/12, 7/12-9/12) | | | $404.79 |
| Attorneys' fees (10/4/11-5/6/13) | | | $13,981.00 |
| Costs (10/4/11-5/6/13) | | | $4,200.89 |
| **SUB-TOTAL** | | | **$86,565.00** |
| *CREDIT (Bank levy proceeds, received 1/4/13)* | | | *<$1,617.06>* |
| *CREDIT (Bank levy proceeds, received 4/23/13)* | | | *<$1,492.12>* |
| **GRAND TOTAL** | | | **$83,455.82** |

4. Defendant shall *conditionally* pay the amount of **$55,154.75,** representing all above amounts, less liquidated damages in the amount of **$28,301.07**. *This conditional waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on August 25, 2013, and on or before the 25th day of each month

thereafter, for a period of twelve (12) months, through July 25, 2014, Defendant shall pay to Plaintiffs the amount of **$4,050.00** per month.

  (b) On or before August 25, 2013, Defendant shall additionally pay to Plaintiffs **$9,122.36 for May 2013 contributions, and $37.50 for interest** incurred thereon, together with their contribution report and payment in full for the month of June 2013.

  (c) Payments may be made by joint check, to be endorsed to Plaintiffs prior to submission. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

  (d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from May 8, 2013, at the rate of 10% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

  (e) Checks shall be made payable to the *Operating Engineers Local 3 Trust Funds*, and delivered on or before each due date to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs.

  (f) At the time that Defendant makes its 11th payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with the 11th payment. Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is current.

  (g) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant shall pay all additional attorneys' fees and costs regardless of whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the July 25, 2014 stipulated payment.

  (h) Failure to comply with any of the above terms shall constitute a default of the

obligations under this Agreement and the provisions of ¶11 shall apply.

5. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

6. Defendant shall be permitted to pay contributions for hours worked in May 2013 only, late (by August 25, 2013), incurring liquidated damages and interest thereon, but without incurring a default of this Stipulation. **Effective with hours worked in June 2013** and for every month thereafter until this judgment is satisfied in full**, contribution payments shall be paid timely** as due on the 15th of each month following the work month, and delinquent if not received by the 25th day of that payment month. Defendant **shall remain current in reporting,** and in payment of all contributions (except as specified herein) due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **<u>Defendant shall forward (or cause to be forwarded in the case of a joint check) all contribution payments, whether by direct check, joint check or otherwise during the Stipulated payment term to Michele R. Stafford, at Saltzman and Johnson Law Corporation, rather than directly to the Trust Funds</u>**. Failure by Defendant to remain current in contributions as set forth herein shall constitute a default of the obligations under this agreement. Defendant shall fax a copy of its contribution report for each month, together with a copy of that payment check, *to Michele R. Stafford at 415-882 9287*, prior to sending the payment to the Trust Fund office. Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.

7. Defendant shall make full disclosure of all jobs on which it is working by providing

- 5 -
*AMENDED* NOTICE OF ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C11-4924 JSW

P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports *will be faxed to Michele R. Stafford* concurrently with its submission to the General Contractor, Owner or other reporting agency. These requirements are concurrent with, and in addition to, the requirements set forth above. Defendant shall fax said updated list each month (or sooner if required elsewhere herein) together with the contribution report (as required by ¶6 of this Stipulation) *to Michele R. Stafford at 415-882-9287,* on before the 15th day of each month. Attached hereto as *Exhibit A* is a Job Report Form which is to be completed each month.

8. Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply. Any unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

9. John Clark Brisin acknowledges that he is the owner of, and doing business as, Construction Development Systems. John Clark Brisbin specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein and further acknowledges that any and all successors in interest to Construction Development Systems, as well as any assigns, and/or affiliated entities and purchasers, shall be contractually bound by the terms of this Stipulation. This shall include any additional entities in which John Clark Brisbin is an officer, owner or possesses any ownership interest. All such entities shall specifically consent to the terms

herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

10. Prior to the last payment pursuant to this Judgment Pursuant to Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final lump sum amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation as set forth above. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the July 25, 2014 stipulated payment.

11. In the event that Defendant fails to make any payment required under ¶4 above, or fails to remain current in any contributions under ¶6 above or fails to timely provide the monthly documents required by ¶¶6 and 7 herein, and that such default is not timely cured, the following will occur:

(a) The entire balance of **$83,455.82**, as specified in ¶3, plus interest, but reduced by principal payments received from Defendant, in addition to any unpaid contributions then due plus 20% liquidated damages and 10% per annum interest on the unpaid or late paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b) A Writ of Execution may be obtained against Defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default.

(c) Defendant waives any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant.

(d) Defendant shall pay all additional attorneys' fees and costs incurred by

Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation, whether or not a default occurs herein.

12. Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

13. In the event of the filing of a bankruptcy petition by the Defendant, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represent that no bankruptcy filing is anticipated.

14. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

15. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of their control group members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. Defendant represents and warrants that it has had the opportunity to be or have been

represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of and represent that it enters into this Stipulation voluntarily and without duress.

19. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: July 19, 2013     **JOHN CLARK BRISBIN, Individually and *dba* CONSTRUCTION DEVELOPMENT SYSTEMS**

By: /S/
John Clark Brisbin

Dated: July 22, 2013     **OPERATING ENGINEERS' HEALTH & WELFARE TRUST FUND, et al.**

By: /S/
David E. Hayner
Collections Manager, Operating Engineers' Health & Welfare Trust Fund, et al.

Dated: July 19, 2013     **SALTZMAN & JOHNSON LAW CORPORATION**

By: /S/
Michele R. Stafford
Attorney for Plaintiffs

**APPROVED AS TO FORM.**

Dated: July 19, 2013     **DOYLE & SCHALLERT**

By: /S/
David Douglas Doyle, Esq.
Attorneys for Defendant

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2013

UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**
**JUDGMENT PURSUANT TO STIPULATION**
*JOB REPORT FORM*
*** Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287
on the **15**th day of each month ***

**Employer Name: CONSTRUCTION DEVELOPMENT SYSTEMS**

Report for the month of _____ Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*** *Attach additional sheets as necessary* ***

1

*EX. A TO AMENDED* **JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-4924 JSW**

P:/Clients/OE3CL/Construction Development Systems/Pleadings/Judgment Pursuant to Stipulation 100711.doc

represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of and represent that it enters into this Stipulation voluntarily and without duress.

19. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: July 19, 2013

JOHN CLARK BRISBIN, Individually and *dba* CONSTRUCTION DEVELOPMENT SYSTEMS

By: _____
John Clark Brisbin

Dated: July 22, 2013

OPERATING ENGINEERS' HEALTH & WELFARE TRUST FUND, et al.

By: _____
David E. Hayner
Collections Manager, Operating Engineers' Health & Welfare Trust Fund, et al.

Dated: July 19, 2013

SALTZMAN & JOHNSON LAW CORPORATION

By: _____
Michele R. Stafford
Attorney for Plaintiffs

APPROVED AS TO FORM.

Dated: July ___, 2013

DOYLE & SCHALLERT

By: _____
David Douglas Doyle, Esq.
Attorneys for Defendant

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2013

_____
UNITED STATES DISTRICT COURT JUDGE

1 represented by counsel of their own choosing in connection with entering this Stipulation under the
2 terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of
3 and represent that it enters into this Stipulation voluntarily and without duress.

4     19.     The parties agree that the Court shall retain jurisdiction of this matter until this
5 Judgment is satisfied.

Dated: July ____, 2013            **JOHN CLARK BRISBIN, Individually and**
                                            ***dba*** **CONSTRUCTION DEVELOPMENT SYSTEMS**

By: _____
     John Clark Brisbin

Dated: July ____, 2013            **OPERATING ENGINEERS' HEALTH & WELFARE TRUST FUND, et al.**

By: _____
     David E. Hayner
     Collections Manager, Operating Engineers'
     Health & Welfare Trust Fund, et al.

Dated: July ____, 2013            **SALTZMAN & JOHNSON LAW CORPORATION**

By: _____
     Michele R. Stafford
     Attorney for Plaintiffs

**APPROVED AS TO FORM.**

Dated: July 19, 2013              **DOYLE & SCHALLERT**

By: _____
     David Douglas Doyle, Esq.
     Attorneys for Defendant

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that ~~the calendar in this matter is vacated, and that~~ the Court shall retain jurisdiction over this matter.

Dated: July 26, 2013             _/s/ Jeffrey S. White_
                                            UNITED STATES DISTRICT COURT JUDGE